■ GOULBOURNE H. SHEPHERD et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Levine, J.), dated October 24, 1985, which granted the defendant's motion for leave to serve an amended answer, and (2) as limited by their brief, from so much of an order of the same court, dated January 7, 1986, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 24, 1985 is dismissed, without costs or disbursements, as that order was superseded by the order dated January 7, 1986 made upon reargument; and it is further

Ordered that the order dated January 7, 1986 is affirmed insofar as appealed from, without costs or disbursements.

Special Term properly granted the defendant leave to serve an amended answer to interpose the affirmative defense of release. Pursuant to CPLR 3025 leave to amend a pleading should be freely given unless the amendment sought is palpably improper or insufficient as a matter of law *(see, Norman v Ferrara,* 107 AD2d 739, 740), or unless prejudice or surprise directly results from delay in seeking the amendment *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935; *Cutwright v Central Brooklyn Urban Dev. Corp.,* 127 AD2d 731). Inasmuch as the plaintiffs had knowledge of the facts underlying the affirmative defense prior to the commencement of the action, the plaintiffs cannot claim that they were surprised or unduly prejudiced by the granting of leave to interpose the defense. Contrary to the plaintiffs' contention, the amendment is not palpably improper or insufficient as a matter of law *(see, Lebron v New York City Tr. Auth.,* 44

NY2d 782; *see also, Arbegast v Board of Educ.,* 65 NY2d 161; *cf., Johnston v Fargo,* 184 NY 379). Nor did the defendant waive the affirmative defense by not inserting it in its original answer *(see, Pegno Constr. Corp. v City of New York,* 95 AD2d 655). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.