**Paul ABBARNO, et al., Plaintiffs,**

**v.**

**The CARBORUNDUM COMPANY, Kennecott Corporation, The Standard Oil Company (an Ohio Corporation) a/k/a Sohio, Sohio Industrial Products Company, a/k/a Sipco, and Sohio Chemicals and Industrial Products Company, a/k/a Scipco, Defendants.**

**No. Civ–86–666E.**

United States District Court, W.D. New York.

March 22, 1988.

Richard T. Sullivan, Buffalo, N.Y., for plaintiffs.

David K. Floyd, Buffalo, N.Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiffs seek to recover severance pay allegedly due them under a written "Severance Plan" maintained by the defendants and have demanded a jury trial. The defendants contend that this demand should be stricken pursuant to Fed.R.Civ.P. rule 12(f) as "immaterial or impertinent" because the plaintiffs' claims are *equitable* in nature and therefore not appropriate for trial by jury.

The plaintiffs' claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which neither explicitly grants nor explicitly denies the right to a jury trial. The parties generally agree that, absent specific statutory entitlement, the propriety of the plaintiffs' request depends upon the nature of the claims in dispute. The plaintiffs' request for a jury trial would be inappropriate if the claims are equitable, but appropriate if their nature is legal.

Two decisions within the Second Circuit show that jury trials have been permitted in ERISA actions. The first, *Haeberle v. Board of Trustees of Buffalo Carpenters*, 624 F.2d 1132, 1136 (2d Cir.1980), implicitly approved the use of juries in such actions when it expressed "reservation about the practice of taking a case away from a jury, rather than setting aside an incorrect verdict." In *Paladino v. Taxicab Industry Pension Fund*, 588 F.Supp. 37 (S.D.N.Y. 1984), it was concluded that the plaintiff was entitled to a jury trial as a matter of right.

The most recent decision by the United States Court of Appeals for the Second Circuit on this issue, *Katsaros v. Cody* ("*Katsaros*"), 744 F.2d 270, *cert. denied sub nom.*, *Cody v. Donovan*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), has been relied upon by both parties. The defendants contend that it establishes a per se rule that jury trials are always inappropriate in ERISA actions because all such actions are equitable in nature. The plaintiffs, while they recognize that the case weakens the precedential value of *Haeberle v. Board of Trustees of Buffalo Carpenters* and of *Paladino v. Taxicab Industry Pension Fund*, both *supra*, contend that, rather than establishing a per se rule, it stands for the proposition that the appropriateness of a request for a jury trial in an ERISA action depends upon the nature' of the particular claims involved.

The plaintiffs in *Katsaros* were denied their request for a jury trial. The Court declined to follow the district court's decision in *Pollock v. Castrovinci*, 476 F.Supp. 606 (S.D.N.Y.1979), *aff'd*, 622 F.2d 575 (2d Cir.1980), in which it had been found that, once a court had decided the equitable question whether a provision in the pension plan should be excised, the question of entitlement to additional monies was a legal question that should be decided by a jury. While noting that no jury trial had ultimately been held (because the controversy had been mooted by the trial court's resolution of the threshold equitable issue), the appellate court stated that it viewed all of the claims in *Pollock v. Castrovinci* to have been essentially equitable in nature

and implied that, accordingly, a jury trial would not have been required in that case. *Katsaros* at 278–279. The instant defendants read this to mean that all ERISA actions are essentially equitable and that the United States Court of Appeals for the Second Circuit has expressly disapproved of jury trials for such actions. *Katsaros,* however, did not state that the claims therein involved and the claims in *Pollock v. Castrovinci, supra,* were equitable simply *because* they were ERISA claims. In light of the language which prefaced such decision—*viz.,*

"[n]or were appellants entitled to a jury trial of the claims against them since the plaintiffs seek equitable relief in the form of removal and restitution *as distinguished from damages for wrongdoing or non-payment of benefits.* There is no right to a jury trial of ERISA actions against pension fund trustees *seeking the equitable remedy of restitution,"* (emphasis added)—,

it seems more appropriate to read *Katsaros* as establishing a rule that ERISA actions can be tried to a jury provided the particular ERISA claim at hand is legal in nature—*e.g.,* a claim for non-payment of benefits.

The defendants bolster their claimed proper reading of *Katsaros* by referring to decisions of other United States Courts of Appeal which contain language that more certainly establishes a per se rule. *Wardle v. Central States, Etc.,* 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), precluded the use of jury trials in all ERISA actions. Such conclusion was bottomed on the consideration that ERISA actions are controlled primarily by the law of trusts which is predominantly equitable in nature and by

the reasoning that, because the federal courts have interpreted the standard for their review of decisions by plan administrators as whether such were "arbitrary and capricious", this "bespeaks a legislative scheme granting initial discretionary decisionmaking to bodies other than the federal courts, with which federal jury trials have proved incompatible." *Id.* at 830.

The United States Court of Appeals for the Third Circuit, in *Turner v. CF & I Steel Corp.,* 770 F.2d 43 (1985), expressly adopted the defendants' reading of *Katsaros* and the reasoning of *Wardle v. Central States, Etc.* in its decision not to allow a jury trial in an ERISA action. The statement in *Turner v. CF & I Steel Corp.* that the Court of Appeals for the Second Circuit has held that jury trials are not available under subsection [502](a)(1)(B) cannot be supported. Nowhere in *Katsaros* was such reasoning adopted[1] and, consequently, *Katsaros* provides little support for such a flat-out proposition. The United States Court of Appeals for the Second Circuit did not go so far as to say that jury trials are inappropriate in all ERISA actions. Absent some clearer statement from such Court or from the United States Supreme Court regarding this issue, this Court opines that some ERISA actions may be appropriately tried to a jury.[2]

In the present case, unlike *Katsaros,* the plaintiffs bring an ERISA claim that does not seek equitable relief. Rather they seek an award of damages for non-payment of benefits. It is of no little consequence that the court in *Katsaros* explicitly distinguished this type of action from equitable claims such as a request for removal of plan trustees or for restitution. The plaintiffs' claim being essentially legal in na-

1. *Wardle v. Central States, Etc.* is cited on page 278 of the opinion in *Katsaros* in support of the declaration that there "is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution."

2. The causes of action here asserted challenge the decisions of the defendant sponsors, administrators and fiduciaries of the Severance Plan and allege violations of their fiduciary duties. The claims are thus reviewable under an arbi-

trary and capricious standard. *See, Stewart v. National Shopmen Pension Fund,* 795 F.2d 1079, 1083 (D.C.Cir.1986); *Miles v. New York State Teamsters Conference, Etc.,* 698 F.2d 593, 599 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). Although application of such standards argues for denying the jury trial demand, this Court finds nevertheless that, absent a statement from the Second Circuit, a jury trial is appropriate.

ture, it is wholly appropriate for them to request a trial by jury.

Accordingly, it is hereby ORDERED that the defendants' motion for an order striking the plaintiffs' request for a jury trial is denied.