OPINION OF THE COURT
Peter P. Cusick, J.
This litigation involves a common-law action for breach of an insurance contract. It is alleged that defendant INA Life Insurance Company of New York has breached the terms of its policy by failing to pay the plaintiff beneficiary certain accidental death benefits which have accrued as a result of the death of her husband, the insured. Defendant’s position is that *465 the decedent’s death was not accidental as defined in the policy.
The defendant now moves to amend its answer to include the affirmative defense of the applicability of the Employees Retirement Income Security Act (29 USC § 1001 et seq.) (hereinafter ERISA). This branch of the motion is granted. Leave to amend pleadings shall be freely given (CPLR 3025 [b]) in the absence of demonstrated prejudice, unless the amendment is palpably improper or insufficient as a matter of law (Shepherd v New York City Tr. Auth., 129 AD2d 574 [2d Dept]).
Defendant also moves to strike plaintiffs jury demand on the ground that ERISA preempts State laws which relate to "employee welfare benefit plan[s]” as defined in 29 USC § 1002 (1). The court is satisfied that (1) the subject policy comes within the ERISA definition because the phrase "relates to” must be broadly construed (see, Shaw v Delta Air Lines, 463 US 85, 96-98) and (2) that the defendant is the plan "administrator” as defined in subdivision (16) thereunder. As such, it acts as a fiduciary with respect to the plan to the extent it exercises discretion with respect to the management or disposition of its assets (29 USC § 1002 [21] [A]). As a fiduciary, the plan administrator is held to the standard of care of a prudent person. The plan administrator, as fiduciary,
"shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and * * *
"with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims” (29 USC § 1104 [a] [1]).
The United States Supreme Court has definitively ruled on the preemption issue as it relates to the cause of action at bar. State common-law causes of action which "relate to” an employee benefit plan fall under ERISA’s preemption clause (Pilot Life Ins. Co. v Dedeaux, 481 US 41 [1987]; 29 USC § 1144 [a]). Pilot Life held that Mississippi common-law causes of action for bad faith, breach of contract, and breach of fiduciary duties were preempted by ERISA and the court can discern no real distinctions between those claims and the garden variety breach of contract asserted in the case sub judice. In fact, Pilot Life makes it clear that ERISA’s preemption clause is not limited to State laws, regulations, or statutes specifically designed to affect employee benefit plans; *466 it encompasses and includes common-law causes of action which might impact upon such plans.
There are several exceptions to the preemption clause, but plaintiff has not demonstrated that her claims fall under any of them.
Having determined that the cause of action is preempted by ERISA, the court must now decide whether plaintiff is entitled to a jury trial in order to properly adjudicate the motion before it.
The Supreme Court, New York County (Stecher, J.), has recently addressed this issue squarely and concluded that plaintiff is not entitled to a jury trial. (Van Wart v Citibank, NYU, Apr. 21, 1988, at 12, col 3.) The court in Van Wart concluded that since judicial review is limited to whether the plan fiduciaries acted arbitrarily or capriciously, no jury is required since these questions are traditionally ones for the courts. (Supra, col 4, citing Wardle v Central States, Southeast & Southwest Areas Pension Fund, 627 F2d 820, cert denied 449 US 1112; Chilton v Savannah Foods & Indus., 814 F2d 620; Brown v Retirement Comm. of Briggs & Stratton Retirement Plan, 797 F2d 521, cert denied — US —, 107 S Ct 1311.)
However, on the Federal level, the answer is not as crystal clear. The fact that ERISA preempts State common-law causes of action does not necessarily lead to the conclusion that a jury trial is not warranted. The Seventh Amendment of the US Constitution applies to actions to enforce statutory rights if the statute in question creates legal rights and remedies enforceable in an ordinary damages action (Curtis v Loether, 415 US 189).
"The litmus test for determining the right to a jury trial is whether the nature of the legal issues to be tried is 'legal’ or 'equitable.’ A jury trial may be demanded if the nature of the issues is legal regardless of whether or not the legal issues are intertwined with other equitable issues.” (Pollack v Castrovinci, 476 F Supp 606, 608, affd 622 F2d 575 [2d Cir].)
Pollack (supra) also examined the legislative history of ERISA, which made clear that it should be construed consistent with the Labor-Management Relations Act of 1947 (the LMRA). It has been held that an employee who sues for money damages under a collective bargaining agreement regulated by the LMRA is entitled to a jury trial (Allen v United Mine Workers, 319 F2d 594), a situation analogous to the set of facts sub judice.
*467 An application of the Pollack test was made in Paladino v Taxicab Indus. Pension Fund (588 F Supp 37). The plaintiff in Paladino sought a declaration of his right to pension benefits under an ERISA plan, which was denied due to a break in service. The court in Paladino recognized the standard of review to be whether respondent’s actions were arbitrary and capricious and that the trier of fact cannot substitute his or her judgment for that of the plan trustees. However, the court also rightly recognized the true, simple issue lurking throughout the litigation: whether the plaintiff did have a break in service in the taxicab industry which forfeited his prior service credit. In the view of the court, this was purely a factual issue appropriate for resolution by a jury.
Notwithstanding preemption by ERISA, and notwithstanding the "arbitrary and capricious” standard of review, the simple fact is that plaintiff herein is attempting to enforce her rights to an ERISA employee welfare benefit plan. Essentially, this right, if any, emanates from the terms of the insurance policy covering the decedent, and not ERISA. Without the existence of the policy, plaintiff would have no rights to recover, ERISA notwithstanding. (Supra, at 39.) ERISA creates not the benefits themselves, but only the right to commence a civil action to recover benefits due under the terms of the plan, or to clarify one’s rights to benefits in the future (29 USC § 1132 [a] [1] [B]). Congress intended that such ERISA enforcement actions under subdivision (a) (1) be regarded as legal in nature, and that litigants be entitled to a jury trial (Paladino v Taxicab Indus. Pension Fund, supra, at 39; see also, Stamps v Michigan Teamsters Joint Council No. 43, 431 F Supp 745; Bouton v Central States, Southeast & Southwest Areas Pension Fund, Civ No. 2-78-189 [ED Tenn]). This must have been the intent, for why else would it create two remedies: one legal (subd [a] [1]) and one equitable (subd [a] [3])? (Pollack v Castrovinci, supra, at 608-609; Stamps v Michigan Teamsters Joint Council No. 43, supra, at 747.)
As in Paladino (supra), the simple, yet ultimate questions to be resolved in this lawsuit is the true cause of decedent’s death, a purely factual issue appropriate for a jury trial.
This court recognizes that the Pollack-Paladino-Stamps-Bouton line of cases has not met universal acceptance, and that opposite conclusions have been reached in the Fifth (Calamia v Spivey, 632 F2d 1235), Seventh (Wardle v Central States, Southeast & Southwest Areas Pension Fund, 627 F2d 820, cert *468 denied 449 US 1112, supra), Eighth (In re Vorpahl, 695 F2d 318), and Eleventh Circuits (Chilton v Savannah Foods & Indus., 814 F2d 620, supra), as well as in the Southern District of New York (Rubin v Decision Concepts, 566 F Supp 1057, 1059).
Within the Second Circuit, however, the Pollack reasoning has been recently applied in favor of granting a jury trial. In Abbarno v Carborundum Co. (682 F Supp 179, 181), the District Court, Western District of New York, concluded that it was "appropriate to read Katsaros as establishing a rule that ERISA actions can be tried to a jury provided the particular ERISA claim at hand is legal in nature — e.g., a claim for non-payment of benefits.”
The case relied on by the District Court (Katsaros v Cody, 744 F2d 270, cert denied sub nom. Cody v Donovan, 469 US 1072) concerned a claim for relief which included the removal of a pension funds trustee, and restitution. The court pointedly noted that the nature of this relief was unquestionably equitable, “as distinguished from damages for wrongdoing or non-payment of benefits” (supra, at 278), and denied a demand for a jury trial based upon the nature of claims asserted.
Abbarno (supra) correctly refused to read a per se rule prohibiting jury trials in all ERISA-related cases into the statute, and properly looked to the nature of the claim asserted. Likewise, this court concludes that the Pollack test is applicable to the facts herein, and requires denial of the motion to strike the jury demand. First, it is the controlling statement on Federal law within the Second Circuit which encompasses this court. Though this court is technically not bound thereby (423 S. Salina St. v City of Syracuse, 68 NY2d 474, appeal dismissed, cert denied 481 US 1008) it is entitled to great weight. Secondly, in this court’s view, the decision from the other circuits do not adequately reconcile the distinction expressly created by Congress, between paragraphs (1) and (3) of section 1132 (a). Paragraph (1) (B) speaks in terms of a participant’s rights, connoting a vested benefit protected by law; by contrast, paragraph (3) speaks in terms of obtaining an injunction or other appropriate equitable relief, connoting an action to obtain any other remedies not available at law. There are still inherent and fundamental differences between law and equity which cannot be ignored (Jackson v Strong, 222 NY 149), and these differences were apparently recognized and preserved by Congress.
*469 A recent decision brought to the court’s attention by plaintiffs, Isaacs v Group Health (668 F Supp 306), is inapposite. The case before this court involves a claim for benefits under an ERISA plan, and Isaacs explicitly makes clear that it involves no such claim (supra, at 312, n 8).
For these reasons, the motion to strike the jury demand is denied.