OPINION OF THE COURT
David B. Saxe, J.
Raised here is an issue which appears to have sharply divided both Federal and State courts, namely, whether a plaintiff seeking to recover insurance benefits under the Employees Retirement Income Security Act of 1974 (29 USC § 1001 et seq.) (ERISA) is entitled to a jury trial.
The plaintiff, Mr. Walker, was an employee of defendant Sperry & Hutchinson Co., Inc. (Sperry) for a period in excess of 20 years when he was terminated on November 24, 1984. Subsequent to his termination, Mr. Walker applied for disability benefits under the disability plan (the plan) which had been established by the defendant for its employees. Mr. Walker claims that at the time of his termination he suffered from progressive Alzheimer’s disease and that Sperry was *309 aware of his disability. The retirement and benefits committee, which administers the plan, denied Mr. Walker’s claim for disability benefits and Mr. Walker appealed. The appeal was also denied by the committee. No reasons are put forth by the defendant as to why Mr. Walker’s application for disability benefits was denied.
Plaintiff then commenced this action by service of a summons and complaint asserting three causes of action which seek to recover for the defendant disability benefits as well as medical insurance benefits. Defendant’s answer asserts eight affirmative defenses, the first of which alleges that this action falls under the Employees Retirement Income Security Act of 1974. Defendant claims that as the result of the applicability of ERISA, plaintiff is entitled only to declaratory or injunctive relief. As a result, the defendant now moves to strike the plaintiff’s demand for a jury trial.
There is no dispute between the parties and it is clear to this court that the plan is covered by ERISA, which preempts State common-law causes of action (see, Pilot Life Ins. Co. v Dedeaux, 481 US 41 [1987]). The issue to be decided is whether or not a right to a jury trial exists under ERISA.
While the majority of Federal courts have held that there is no right to a jury trial in ERISA actions (see, e.g., Wardle v Central States S.E. & S. W. Pension Fund, 627 F2d 820 [7th Cir 1980], cert denied 449 US 1112 [1981]; Chilton v Savannah Foods & Indus., 814 F2d 620 [11th Cir 1987]; Berry v Ciba-Geigy Corp., 761 F2d 1003 [4th Cir 1985]), a large number of courts have held to the contrary, i.e., that the right to a jury trial does in fact exist in an ERISA action (see, e.g., Pollock v Castrovinci, 476 F Supp 606, affd, 622 F2d 575 [2d Cir 1980]; Paladino v Taxicab Indus. Pension Fund, 588 F Supp 37 [SD NY 1984]; Abbarno v Carborundum Co., 682 F Supp 179 [WD NY 1988]; Woods v Dunlop Tire Corp., 673 F Supp 117 [WD NY 1987]).
The majority of cases in which a right to a jury trial under ERISA has been upheld have construed the enforcement provisions of ERISA as permitting not only equity actions (29 USC § 1132 [a] [3]) but also actions for money damages in the form of unpaid benefits due (29 USC § 1132 [a] [1]), and have concluded that the latter are essentially legal in nature (see, Laoria v INA Life Ins. Co., Sup Ct, NY County, Apr. 27, 1989, Wilk, J., index No. 22084/84; Fuller v INA Life Ins. Co., 141 Misc 2d 464; see also, Paladino v Taxicab Indus. Pension *310 Fund, supra, at 39; Stamps v Michigan Teamsters Joint Council No. 43, 431 F Supp 745 [ED Mich 1977]; Pollock v Castrovinci, supra, at 608). The holding in Abbarno v Carborundum Co. (682 F Supp 179, 181-182, supra) is equally valid here: there the court explained that "the plaintiffs bring an ERISA, claim that does not seek equitable relief. Rather they seek an award to damages for non-payment of benefits. * * * The plaintiffs’ claim being essentially legal in nature, it is wholly appropriate for them to request a trial by jury.”
The right to a jury trial is so fundamental that the litigant should not be deprived of it except where it is clearly precluded by law. I note that nowhere did Congress prohibit jury trials in ERISA actions.
Furthermore, in the recent case of Firestone Tire & Rubber Co. v Bruch (489 US —, —, 109 S Ct 948, 956 [1989]), the United States Supreme Court held that under certain circumstances, a legal action challenging the denial of benefits under ERISA must be reviewed under a de novo standard. Although the use of the de novo standard appears inapplicable in the present case, the court’s adoption of such a standard in this type of action can only serve to additionally support the use of jury trials in those ERISA actions which are legal in nature. While in the present case the court is limited to review under an "arbitrary and capricious” standard, the necessity of applying that standard need not preclude the use of a jury.
Accordingly, the motion is denied.