■ ROBERT VOELKER, Plaintiff, and ALBERT BENVENISTY, Intervenor-Respondent, v EMPIRE BLUE CROSS AND BLUE SHIELD, Appellant.—Order, Supreme Court, New York County (Elliott

Wilk, J.), entered on February 17, 1988, which granted leave to intervene and class certification, unanimously affirmed, with costs.

Order, Supreme Court, New York County (Elliott Wilk, J.), entered on February 14, 1989, which approved the form, content and method of distribution of the class notice and which apportioned the costs of disseminating the class notice equally between the parties, unanimously affirmed, with costs.

In this action by intervenor-respondent Benvenisty, on behalf of a purported class of Empire subscribers who were denied reimbursement for a diagnostic medical procedure known as magnetic resonance imaging (MRI) between March 29, 1984 and January 15, 1986, the court below properly determined that the statutory prerequisites for class certification had been established.

Specifically, the class was so numerous that joinder of all members was impracticable (CPLR 901 [a] [1]); questions of law and fact common to the class predominated as to whether Empire had violated contractual obligations to its subscribers by denying coverage (CPLR 901 [a] [2]); the claims of intervenor Benvenisty, a subscriber who was also denied coverage and suffered out-of-pocket loss, were typical of the class claims (CPLR 901 [a] [3]); the representative party, who had adequate funds to support the litigation and had engaged experienced counsel, fairly and adequately protected class interests (CPLR 901 [a] [4]), and a class action of all subscribers similarly situated was superior to other available methods for the fair and efficient adjudication of the controversy (CPLR 901 [a] [5]; *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 100 [2d Dept 1980]).

Further, the court below did not err in determining that the addition of an ERISA (Employee Retirement Income Security Act of 1974 [29 USC § 1001 *et seq.]*) cause of action in the intervenor's second amended complaint did not alter the definition of the class as previously approved. *(See,* ERISA § 1132 [a] [1], [B]; [e]; *Firestone Tire & Rubber Co. v Bruch,* 489 US 101, —, 109 S Ct 948, 956 [1989]; *Abbarno v Carborundum Co.,* 682 F Supp 179 [WD NY 1988].)

Finally, the court did not abuse its discretion in ruling that Empire should bear half the costs of disseminating the class notice, without prejudice to either party making application at the conclusion of trial for a reapportionment of such costs. (CPLR 904 [d] [I].) Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.