**Virginia FULLER, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE IN-
SURANCE COMPANY and Allied
Corporation, Defendants.**

**Civ. A. No. 88–0181–F.**

United States District Court,
D. Massachusetts.

April 5, 1990.

Walter Bak, Northampton, Mass., Keith A. Minoff, John Sikorski, Robinson, Donovan, Springfield, Mass., for plaintiff.

Richard D. O'Connor, Siegel, O'Connor, Schiff, Zangari & Kainen, Hartford, Conn., for defendants.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

### I. INTRODUCTION

Before the Court is plaintiff Virginia Fuller's ("Fuller") objections to an order of United States Magistrate Ponsor allowing defendant Connecticut General Life Insurance Company's ("Connecticut General") motion to strike Fuller's claim for a jury trial. This controversy arises in the context of plaintiff Fuller's action under section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to enforce alleged benefit plan rights and to clarify her right to various future benefits. In a hand-written note appended to the Defendants' Motion to Strike Claim for Jury Trial, Magistrate Ponsor stated:

> ALLOWED. Although the First Circuit has not spoken, the overwhelming decisional law, including decisions in this district court, is to the effect that ERISA claims carry no right to a jury trial. So ordered.

Fuller asks this Court to reverse that decision.

### II. DISCUSSION

#### A. Relevant Facts

The facts of this case are straightforward. For several years, the plaintiff has suffered from severe diabetes, requiring that she have twenty-four hour nursing care. She alleges that her employee benefit plan provides coverage for such nursing care, and that she has complied with all of the requirements necessary to qualify for such coverage. Fuller also states that her need for such nursing has been certified to by her attending physician, and that all nursing is provided by trained nurses unrelated to her. Plaintiff's Motion and Memorandum in Opposition to Defendants' Motion to Strike Claim for Jury Trial at 1–2. Connecticut General asserts that it offered the plaintiff the benefit of a free medical case management service, but the plaintiff did not respond to the offer. Defendants' Pretrial Memorandum at 2. The defendants deny that plaintiff's current care is covered by her employee welfare benefit plan.

#### B. The Plaintiff is Not Entitled to a Jury Trial

##### 1. The Majority View

Although, as the Magistrate correctly points out, the First Circuit Court of Ap-

peals has not in fact addressed this precise question, the Court does not lack guidance. In the last two years alone, at least twenty-one courts have considered whether or not to permit a jury trial in an ERISA case; out of those, seventeen answered in the negative. While sheer weight of opinion is not in itself sufficient reason for a court to rule in a particular way, it is often indicative that the road less traveled may be a dead end.

Normally, the starting point for determining the availability of a jury trial under a statute is the statute itself. In this case, however, the statute does not state whether or not a jury trial may be had:

> (a) Persons empowered to bring a civil action. A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> . . . .
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . .

29 U.S.C.S. § 1132(a)(1)(B) (1982). Nor can the Court profitably turn to legislative history; as the Third Circuit aptly summarized matters, "ERISA itself does not make any provision for a jury trial, and the sparse legislative history is not enlightening." *Turner v. CF & I Steel Corporation*, 770 F.2d 43, 46 (3rd Cir.1985), *cert. den.*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986).

What legislative history there is, however, was thoroughly examined by the Seventh Circuit Court of Appeals in *Wardle v. Central States*, 627 F.2d 820 (7th Cir.1980), *cert. den.*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Wardle argued that since 29 U.S.C. § 1132(a)(3) specifically authorizes participants to bring suit to enforce equitable rights, section 1132(a)(1)(B) must contemplate suits to enforce *legal* rights, which would entitle him to a jury trial. *Wardle*, 627 F.2d at 828–29.

The Seventh Circuit demurred, reasoning that even if every claim brought under section 1132(a)(1)(B) were equitable in nature, section 1132(a)(3) would not be super-fluous, since Congress gave state courts concurrent jurisdiction over suits brought under section 1132(a)(1)(B) but not section 1132(a)(3). *Id.* at 829, *citing* 29 U.S.C. § 1132(e)(1). The court concluded that "Congress' silence on the jury issue reflects an intention that suits for pension benefits by disappointed applicants are equitable," *id.*, and held that ERISA did not grant Wardle a right to a jury trial. *Id.* at 830; *accord Gucciardi v. Gencorp Inc.*, C.A. No. 87–0030–Mc, 1987 WL 30976 (D.Mass. December 10, 1987) (Westlaw, DCT Database).

As the Third Circuit noted in *Turner*, even though the suits contemplated by section 1132(a)(1)(B) are not expressly categorized as equitable, the majority involve claims that plan trustees or administers committed an abuse of discretion in denying benefits. *Turner*, 770 F.2d at 46. As a result, the court said, most section 1132(a)(1)(B) suits "[do] not lend themselves comfortably to the traditional jury trial." *Id.* A more recent Third Circuit opinion flatly stated that "the section [1132(a)(1)(B)] cause of action for the recovery of benefits was equitable in nature." *Pane v. RCA Corp.*, 868 F.2d 631, 636 (3rd Cir.1989) and cases cited. Those district courts in the First Circuit which have considered the issue have adopted the majority position. *See Berlo v. McCoy*, 710 F.Supp. 873 (D.N.H.1989); *Turner v. Leesona*, 673 F.Supp. 67 (D.R.I.1987); *Wilson v. Connecticut General Life*, 670 F.Supp. 52 (D.Me.1987); *Strout v. GTE Products Corp.*, 618 F.Supp. 444 (D.Me.1985); *Donovan v. Wheeler*, C.A. No. 82–640, slip op. (D.N.H. February 23, 1983).

Admittedly, there are circumstances under which a claim under section 1132(a)(1)(B) would be legal in nature, in which case a plaintiff would be entitled to a jury trial. *See Cox v. Keystone Carbon Co.*, 861 F.2d 390, 394 (3rd Cir.1988). For example, the district court in *Berlo* suggested that if a plaintiff can show "entitlement to 'benefits due immediately and unconditionally,' the plaintiff shall be entitled to a jury trial as to those benefits." *Berlo*, 710 F.Supp. at 874, *quoting Wilson*, 670

F.Supp. at 53 and *Donovan,* slip op. at 3. This Court recognizes its obligation to examine the plaintiff's complaint in order to determine whether the plaintiff's claims are legal or equitable in nature.

### 2. The Minority View

There are, of course, cases which completely disagree with the majority position on this issue. Chief among these is *Abbarno v. Carborundum Co.,* 682 F.Supp. 179 (W.D.N.Y.1988), a case heavily relied upon by the plaintiff. The *Abbarno* court expressly found that an action seeking an award of damages for nonpayment of benefits was "essentially legal in nature … [and] wholly appropriate for … a trial by jury." *Abbarno,* 682 F.Supp. at 181–82.

In support of its decision, the *Abbarno* court relied heavily on the Second Circuit decision in *Katsaros v. Cody,* 744 F.2d 270 (2d Cir.), *cert. denied sub nom. Cody v. Donovan,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). In particular, the district court relied on an apparent distinction raised by the Second Circuit between actions seeking restitution and those seeking damages "for wrongdoing or nonpayment of benefits." *Abbarno,* 682 F.Supp. at 181, *citing Katsaros,* 744 F.2d at 278. The *Abbarno* court interpreted *Katsaros* as creating "a rule that ERISA actions can be tried to a jury provided the particular ERISA claim at hand is legal in nature— *e.g.,* a claim for non-payment of benefits." *Abbarno,* 682 F.Supp. at 181.

The Court's own research reveals a small but stubborn minority of other decisions which are generally in accord with *Abbarno,* and support a jury trial under section 1132(a)(1)(B). *See, e.g., Sixty-Five Security Plan v. Blue Cross and Blue Shield,* 583 F.Supp. 380 (S.D.N.Y.1984); *Paladino v. Taxicab Industry Pension Fund,* 588 F.Supp. 37 (S.D.N.Y.1984); *Pollock v. Castrovinci,* 476 F.Supp. 606 (S.D.N.Y.1979), *aff'd men.,* 622 F.2d 575 (2d Cir.1980) and *Stamps v. Michigan Teamsters Jt. Council No. 43,* 431 F.Supp. 745 (E.D.Mich.1977); *Walker v. Sperry & Hutchinson Co.,* 144 Misc.2d 308, 544 N.Y.S.2d 958 (Sup.Ct. 1989); *Fuller v. INA Life Ins. Co. of New York,* 141 Misc.2d 464, 533 N.Y.S.2d 215 (Sup.Ct.1988). However, the Court concludes that the reasoning of these cases is not as persuasive as that contained in the majority, and declines to follow their lead.

### C. Application of Law to Plaintiff's Case

An examination of the plaintiff's complaint reveals that she is seeking:

> to recover benefits due … under the terms of her Plan, to enforce her rights under the terms of her Plan and to clarify her right to future benefits under terms of the Plan, and for other relief as set forth in 29 U.S.C. § 1132.

Plaintiff's Amended Complaint at 2, ¶ 5. Specifically, as noted above, she is challenging the defendants' denial of coverage for around-the-clock nursing care. *Id.* at 3, ¶ 11. By making such a challenge, Fuller is asking this Court to determine her entitlement to a particular benefit under the terms of her employee benefit plan. Such a determination is an " '… integral part of an equitable action.' " *Hebert v. Massachusetts Teachers Assoc. Ret. Plan,* C.A. No. 84–3465–Mc, 1985 WL 1661 (D.Mass. May 1, 1985) (Westlaw, DCT Database), *quoting Kahnke v. Herter,* 579 F.Supp. 1523 (D.Minn.1984). As a result, this Court concludes that the plaintiff is not entitled to a jury trial.

Fuller attempts to evade the thrust of the majority rule by arguing that the issue involved in her case is purely factual, *i.e.,* does her illness require around-the-clock nursing care, and is the care she is currently receiving within the scope of her benefit plan? Such questions, she argues, should only be answered by a jury. Plaintiff's Motion and Memorandum in Opposition to Defendants' Motion to Strike Claim for Jury Trial at 3–4.

Plaintiff's argument suffers from a fatal mischaracterization of the issues at hand. It is true that there are factual questions which must be answered in resolving this dispute. However, what controls in this situation is the nature of the overall dispute, and not particular subsidiary questions. In the end, a determination must be

made as to whether or not the administrators of the plaintiff's plan abused their discretion in denying her the coverage she requested. That determination arises out of equity, and is one which this Court bears the responsibility of making.

### III. CONCLUSION

Based on the weight of precedent before it, the Court concludes that the plaintiff Fuller is not entitled to a jury trial in this matter. Accordingly, Plaintiff's Objections to the Order of the Magistrate Allowing Defendants' Motion to Strike Claim for Jury Trial is OVERRULED, and the Magistrate's Order is AFFIRMED.

It is So Ordered.