**CHARLTON MEMORIAL HOSPITAL, Plaintiff,**

v.

**The FOXBORO COMPANY, The Travelers Insurance Company, and the Foxboro Company, as Administrator of Its Employee Health Benefits Plan, Defendants.**

**Civ. A. No. 92–12434–H.**

United States District Court, D. Massachusetts.

April 15, 1993.

Matthew T. Oliverio, Edwards & Angell, Providence, RI, for plaintiff.

Richard A. Oetheimer, Goodwin Proctor & Hoar, Michael A. Fitzhugh, Susan M. Morrison, Magda De Moya Coyle, Fitzhugh & Associates, Boston, MA, for defendants.

## ORDER RE: DEFENDANT'S, THE TRAVELERS INSURANCE COMPANY, MOTION TO STRIKE PLAINTIFF'S REQUEST FOR A JURY TRIAL AND PLAINTIFF'S REQUEST FOR DOUBLE OR TREBLE DAMAGES *(DOCKET ENTRY # 18)*

BOWLER, United States Magistrate Judge.

On February 12, 1993, defendant The Travelers Insurance Company ("Travelers") filed a motion to strike plaintiff Charlton Memorial Hospital's request for a jury trial

and to strike plaintiff Charlton Memorial Hospital's request for double and treble damages. (Docket Entry # 18). On February 22, 1993, plaintiff Charlton Memorial Hospital ("Charlton") filed an objection. (Docket Entry # 20).

On March 25, 1993, this court held a hearing and took the motion to strike (Docket Entry # 18) under advisement.

## BACKGROUND

Charlton originally filed this action in Massachusetts Superior Court under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Travelers and defendant The Foxboro Company ("Foxboro") (collectively: "defendants") petitioned to remove this action to the United States District Court for the District of Massachusetts.

This action concerns in patient hospital services provided by Charlton to Edward Arruda ("Arruda"), a former employee of Foxboro, during a three year period. Arruda participated in a group health plan ("the plan") underwritten and administered by Travelers through Arruda's employer, Foxboro. (Docket Entry # 15, ¶ 5; Docket Entry # 16, ¶ 5; Complaint, ¶ 5). The plan, maintained by Foxboro for the benefit of its employees, constitutes an "employee welfare benefit plan" as defined in section 1002(1) of ERISA.

On December 6, 1986, Arruda was admitted to Charlton complaining of symptoms related to pneumonia. He received treatment at Charlton from December 6, 1986, through November 2, 1989, and from April 23, 1990, through June 18, 1990.

Charlton maintains that on December 8, 1986, after Arruda's admission, it received confirmation from Travelers that Arruda was entitled to benefits under the plan. (Complaint, ¶ 8). Purportedly in reliance on Travelers' promise, Charlton provided medical services to Arruda in the amount of $409,518.74.

In March 1989, Travelers made a payment to Charlton in the amount of $77,646.76 under the plan for medical services rendered to Arruda. (Complaint, ¶ 14; Docket Entry # 15, ¶ 14). In August 1991, Travelers made a second payment to Charlton in the amount of $39,901.61. Charlton contends that defendants improperly failed to make the remaining payments in the amount of $286,977.14 for the medical services it provided to Arruda.

In count one, Charlton seeks recovery of $286,977.14, interest, costs and attorneys' fees as an assignee under section 502(a)(1)(B) of ERISA, as amended, 29 U.S.C. § 1132(a)(1)(B).[1] In count two, Charlton seeks recovery of the above amount as a direct and intended beneficiary under the plan. Counts three and four assert state law claims, respectively under section 11 of Massachusetts General Laws chapter 93A ("chapter 93A") and common law promissory estoppel.

Travelers' motion to strike (Docket Entry # 18) raises two issues. First, Travelers moves to strike Charlton's jury demand, arguing that Charlton is not entitled to a jury trial under ERISA. Second, Travelers moves to strike Charlton's demand for double and treble damages under chapter 93A on the grounds that ERISA preempts a state law claim under chapter 93A.

Charlton maintains that this court has the discretion to allow its jury demand to remain in this case on the basis that its statutory right to seek recovery of benefits due is akin to a breach of contract action and therefore arises at law. (Docket Entry # 20). Charlton further notes it has a right to a jury trial under its state law claim for promissory estoppel.

With respect to Travelers' motion to strike Charlton's demand for double and treble damages, Charlton points out that the district judge denied Travelers' motion to dismiss (Docket Entry # 6) wherein Travelers

---

1. The civil enforcement provision of ERISA is set forth in 29 U.S.C. § 1132(a)(1) which provides, in pertinent part, that:

 A civil action may be brought by a participant:

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

argued, in part, that ERISA preempted Charlton's state law claims under chapter 93A and for promissory estoppel. As further elaborated upon at the March 25, 1993 hearing, Charlton contends that the district judge's ruling denying Travelers' motion to dismiss constitutes the law of this case and must be followed by this court.[2]

## DISCUSSION

### I. Right to Jury Trial

■■■■ "[T]he starting point for determining the availability of a jury trial under a statute is the statute itself." *Fuller v. Connecticut General Life Insurance Co.,* 733 F.Supp. 462, 463 (D.Mass.1990) (plan participant under ERISA not entitled to jury trial under § 1132(a)(1)(B)). ERISA fails to state whether a party has a right to a jury trial. The legislative history under the statute is also not enlightening. *Fuller v. Connecticut General Life Insurance Company,* 733 F.Supp. at 463.

As stated in this district, however, "the majority of courts" examining the issue generally hold that "no right to a jury trial exists in ERISA actions." *Berlo v. McCoy,* 710 F.Supp. 873, 874 (D.N.H.1989) (plan participant's demand for jury stricken in action alleging breach of fiduciary duty); *see, e.g., Turner v. Leesona Corporation,* 673 F.Supp. 67, 70–71 (D.R.I.1987) (motion to strike jury demand allowed in action for benefits due under long term disability policy); *Wilson v. Connecticut General Life Insurance Company,* 670 F.Supp. 52, 53–54 (D.Me.1987) (suit for pension benefits under ERISA deemed equitable in nature; jury demand therefore stricken); *Gucciardi v. Gencorp Inc.,* 1987 WL 30976 at *2 (D.Mass. December 10, 1987) (noting that plaintiff premised ERISA claim on breach of contract theory, court nevertheless characterized ERISA claim as equitable and struck jury demand);[3] *Strout v. GTE Products Corporation,* 618 F.Supp. 444, 445–446 (D.Me.1985) (action to recover pension benefits under section 502(a)(1)(B) of ERISA was equitable; jury demand therefore stricken). The First Circuit has yet to address this issue.

The above cited authority within this district uniformly bases the denial of a right to a jury trial under ERISA on the theory that an ERISA action is based on the law of trusts and the conduct of the trustee. The *Fuller* decision, a denial of benefits action under section 1132(a)(1)(B), constitutes precedential authority in this district. Charlton fails to discuss, let alone adequately distinguish, *Fuller* from the case at bar.[4]

■■■■ The inquiry under the Seventh Amendment focuses on "the nature of the action and of the remedy sought." *Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). Determining whether an action is legal or equitable depends on the "nature of the issues to be tried rather than the character of the overall action." *Kahnke v. Herter,* 579 F.Supp. 1523, 1527 (D.Mn.1984) (Seventh Amendment fails to guarantee right to jury trial in ERISA action under § 1132(a)(2)); *accord In re Acushnet River & New Bedford Harbor,* 712 F.Supp. 994, 998 (D.Mass.1989). As noted above, in this district, courts construe an ERISA claim as primarily based on the law of trusts and therefore equitable in nature. A denial of benefits claim under section 1132(a)(1)(B) often involves, depend-

---

**2.** On December 12, 1992, the district judge by Endorsed Order ruled as follows: "Motion to Dismiss is denied."

**3.** In fact the court in *Gucciardi* expressly noted that plaintiff relied on *Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745 (E.D.Mich.1977), as does Charlton in the case at bar (Docket Entry # 20, p. 3), and proceeded to persuasively distinguish the *Stamps* decision.

**4.** In striking plaintiff's jury demand in *Fuller,* the court reasoned that the denial of the medical benefits sought necessarily involved determining whether the administrators of the plan abused their discretion in denying coverage, i.e., a determination which arose out of equity.

The Supreme Court holds as follows:
Consistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms of the plan. *Firestone Tire & Rubber Company v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989).

ing on the language of the plan itself, determining the issue of whether a plan administrator abused his discretion in denying coverage which, as stated in *Fuller*, arises out of equity. Thus, the nature of the issues to be tried in this action are in essence equitable.

Nor does the fact that the complaint principally prays for monetary relief "require the conclusion that the action is legal rather than equitable." *Kahnke v. Herter*, 579 F.Supp. at 1527 (citing *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974)). The underlying remedies in an ERISA action, including an order to pay monies into a plan, are equitable in nature. Consequently, " 'ERISA actions, characterized in terms of "the remedy sought" must also be equitable.' " *Herbert v. Massachusetts Teachers Association*, 1985 WL 1661 at *3 (D.Mass. May 1, 1985) (citation omitted). Prior to determining the relief and the amount of the claim, an amount which Travelers disputes, this court must assess whether the plan's administrators acted properly in their alleged denial of the full amount requested by Charlton for the medical services rendered to Arruda. The determination of whether Charlton is entitled to certain payments of benefits under the plan is therefore one properly made in equity by the court. *Accord, Id.* at *2 (noting that case involves determining the issue of "plaintiff's entitlement to certain benefits under the Plan" which is an " 'integral part of an equitable action' ").

In sum, with respect to counts one and two, Charlton is not entitled to a jury trial. Nor, with respect to count three, is Charlton entitled to a jury trial under chapter 93A. *See Refuse & Environmental Systems, Inc. v. Industrial Services of America*, 932 F.2d 37, 42 & n. 2 (1st Cir.1991) (stating "[t]here is no right to trial by jury under" chapter 93A). Plaintiff remains entitled to a jury trial for his claim of promissory estoppel in count four.[5]

II. *Preemption*

 Congress enacted ERISA in 1974 in order "to comprehensively and exclusively regulate employee benefit plans." *Best v. AGFA Compugraphic*, 1992 WL 390713 at *1 (D.Mass. December 9, 1992) (cause of action, interpreted as one for improper claim settlement practices under chapter 93A, preempted by ERISA). The congressional policy choices reflected by including certain remedies while excluding others "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain *remedies* under state law that Congress rejected in ERISA." *Nash v. Trustees of Boston University*, 946 F.2d 960, 964 & n. 8 (1st Cir.1991) (emphasis added). Travelers persuasively argues that the remedies of double and treble damages sought in count three under chapter 93A are preempted by ERISA.

Section 1144(a) emphatically states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added).[6] Preemption under ERISA is also "broadly construed in light of the objective of Congress to establish regulation of pension plans as exclusively a federal concern." *Framingham Union Hospital v. Travelers Insurance Company*, 721 F.Supp. 1478, 1490 (D.Mass.1989) (citing *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). Thus, a common law tort claim for the improper processing of a claim for benefits under an ERISA regulated insurance policy is preempted. *Wickman v. Northwestern Mutual Life Insurance Company*, 908 F.2d 1077, 1082 (1st Cir.), *cert. denied*, 498 U.S. 1013, 111 S.Ct. 581, 112 L.Ed.2d 586 (1990) (citing *Pilot Life*).

Stated otherwise, ERISA preempts chapter 93A and a cause of action thereunder to the extent that the cause of action "relates to" the employee benefit plan at issue. Charlton attempts to distinguish *Pilot Life* by arguing that the case at bar is based on a

---

5. This court, however, doubts the viability of this state law claim for promissory estoppel for reasons stated in part II of this Order.

6. State laws which regulate insurance, banking or securities are excepted from preemption under ERISA's savings clause. 29 U.S.C. § 1144(b)(2)(A).

misrepresentation claim (i.e., defendants' wrongful refusal to pay for services provided in reliance on Travelers' promise) as opposed to an improper processing claim. (Docket Entry ## 10 & 20). Travelers' alleged misrepresentation, however, relates directly to and involves the administration of the plan, i.e., the payment or nonpayment of benefits under the plan for Arruda's medical services. It is therefore unlike the misrepresentation involved in *Framingham*.[7] In addition, the relationship between Travelers and Charlton is based on the plan, the alleged misrepresentation is essential to Charlton's causes of action and the chapter 93A claim seeks to recover monies for services rendered under the plan. The misrepresentation involved in *Cuoco v. Nynex, Inc.,* 722 F.Supp. 884, 886–887 (D.Mass.1989) is distinguishable on these bases.

Whether a claim under "chapter 93A is preempted by ERISA depends upon the circumstances of the case." *Best v. AGFA Compugraphic,* 1992 WL 390713 at *2 (collecting cases in this district). Similar to the claim in *Best,* Charlton's chapter 93A claim closely relates to the plan itself inasmuch as the alleged misrepresentation involves an alleged nonpayment of medical services rendered in accordance with the plan. Such a claim relates directly to the administration of the plan and Travelers' alleged promise to pay benefits thereunder.

As succinctly stated by the Fifth Circuit, a participant's "efforts to collect medical benefits 'relate to an employee benefit plan' and thus come within the scope of ERISA's express preemption provision." *Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989); *accord Cromwell v. Equicor–Equitable HCA Corporation,* 944 F.2d 1272, 1276 (6th Cir.1991), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992)

(collecting cases wherein state claims for breach of contract, promissory estoppel, negligence and misrepresentation of benefits were preempted by ERISA). Nor, in light of the character of the misrepresentations at issue, does the fact that Charlton brings this action as a third party health care provider alter this court's view.

Providing remedies for double and treble damages also directly undermines the remedies expressly provided by Congress for denial of benefits claims under section 1132(a)(1)(B). Accordingly, courts uniformly deny claims for extra-contractual or punitive damages under ERISA. *See, e.g., Bishop v. Osborn Transportation, Inc.,* 838 F.2d 1173, 1174 (11th Cir.), *cert. denied,* 488 U.S. 832, 109 S.Ct. 90, 102 L.Ed.2d 66 (1988); *Moffitt v. Blue Cross & Blue Shield of Mississippi,* 722 F.Supp. 1391, 1394 (N.D.Miss.1989) (punitive and extra-contractual damages disallowed in denial of benefits action); *Bova v. American Cyanamid Co.,* 662 F.Supp. 483, 489 (N.D.Ohio 1987) (collecting cases; plan participant may recover benefits owed in denial of benefits claim under § 1132 but cannot recover extra-contractual compensatory and punitive damages); *Bone v. Association Management Services, Inc.,* 632 F.Supp. 493, 496 (S.D.Miss.1986); *cf. Samos v. Dean Witter Reynolds,* 772 F.Supp. 715, 718 & 720 (D.R.I.1991) (state law negligence claim and extra-contractual compensatory damages claim preempted in breach of fiduciary action).

Charlton's claims for double and treble damages in count three are therefore preempted under ERISA. Charlton nevertheless argues that the law of this case prevents this court from striking its demand for double and treble damages under chapter 93A.[8] Although neither rigid nor inflexible, the law of the case doctrine generally gov-

---

7. The misrepresentation in *Framingham* concerned defendants' failure to mention certain commissions received in connection with issuing life insurance policies on the lives of plan beneficiaries and certain disadvantages associated with the universal life insurance policies at issue. *Framingham Union Hospital v. Travelers Insurance Company,* 721 F.Supp. at 1482.

8. In the supporting memorandum to its motion to dismiss (Docket Entry # 6, pp. 19–20), Travel-

ers argued, in part, that permitting Charlton to proceed with a chapter 93A claim for double and treble damages would undermine ERISA's enforcement scheme. Travelers generally argued that ERISA preempted Charlton's state law claims under chapter 93A and for promissory estoppel. As noted *supra,* the district judge denied the motion to dismiss in a one sentence ruling.

erns this court's power to decide the same issues in a subsequent proceeding in the same case. *In re Panaia,* 65 B.R. 865, 868 (D.Mass.1986). The doctrine, however, is not an inflexible rule but rather " 'merely expresses the practices of courts generally to refuse to reopen what has been decided.' " *Piazza v. Aponte Roque,* 909 F.2d 35, 38 (1st Cir.1990) (citation omitted); *accord Lacy v. Gardino,* 791 F.2d 980, 985 (1st Cir.), *cert. denied,* 479 U.S. 888, 107 S.Ct. 284, 93 L.Ed.2d 259 (1986) (noting that law of the case doctrine is not absolute).

Policy considerations underlying the doctrine include judicial economy and the desire for stability in decisionmaking and predictability of results. *United States v. Bell,* 988 F.2d 247 (1st Cir.1993) (albeit discussing doctrine in context of issue previously decided and not raised on appeal). To state the obvious, judicial economy is not served by deciding a state law claim which is preempted under a federal statute.

With all due respect, this court is convinced that application of the law of the case doctrine is inappropriate in the case at bar. *See Piazza v. Aponte Roque,* 909 F.2d at 38 (stating circumstances under which application of doctrine is inappropriate); *Lacy v. Gardino,* 791 F.2d at 985 (same). Not only would the court be needlessly deciding an issue which is preempted under ERISA, but the court would be awarding remedies which conflict with the exclusive enforcement scheme provided for in ERISA. The character of the misrepresentation involved in this case directly relates to the plan. As such, *Pilot Life* and the cases cited above dictate that state law claims, particularly those seeking damages in excess of those provided for in the plan and those that are based on misrepresentations which relate to the plan itself, are preempted under ERISA. With all due deference to the district judge, therefore, this court respectfully chooses not to follow the law of the case in this instance.

## CONCLUSION

For the foregoing reasons, Travelers' motion to strike (Docket Entry # 18) is **ALLOWED.** With the exception of count four, Charlton's demand for a jury trial is stricken.

Its claims for double and treble damages in count three are also stricken.