■ A. STANLEY PRONER, Appellant, v JULIEN & SCHLESINGER, P. C., Individually and as Successor to JULIEN, SCHLESINGER & FINZ, P. C., Respondent. [625 NYS2d 207] —Order, Supreme Court, New York County (David B. Saxe, J.), entered May 25, 1991, which, *inter alia,* referred to a Referee the issue of the whereabouts of an original fee agreement letter, and an order of the same court and Justice, entered January 28, 1994, which, *inter alia,* confirmed the Referee's report, as modified, and prohibited plaintiff from introducing, at trial, a copy of the alleged fee agreement letter or the file in the matter of *Abis v Albert Einstein Coll. of Medicine,* unless he produced the originals of these documents one month prior to the first scheduled trial date, and granted defendant's motion for leave to amend its pleading to add the affirmative defense of forgery, unanimously affirmed, without costs.

Plaintiff, an attorney, seeks to recover 50% of attorneys' fees received after the settlement of a malpractice action he claims to have referred to defendant law firm, on the basis of a copy of a purported fee referral agreement letter. Contrary to plaintiff's assertions, the affidavits submitted by former members of defendant law firm did not constitute judicial admissions precluding the reference for a hearing to determine the whereabouts of the original fee referral letter and if its loss, as well as the loss of the file in the malpractice action, were without fault. To the contrary, those affidavits raised issues as to the validity of the purported agreement.

The court did not err in applying the best evidence rule to preclude the copy of the letter or file in the malpractice action from being admitted into evidence at trial, since plaintiff failed to meet the strict requirement of proving an evidentiary foundation establishing loss and a lack of improper motive for the nonproduction of the originals *(Schozer v William Penn Life Ins. Co.,* 84 NY2d 639, 644).

Defendant's motion for leave to amend its pleadings to assert the affirmative defense of forgery was properly granted

pursuant to CPLR 3025, since such leave is to be liberally granted in cases such as this one, where the proposed amendment is not palpably improper or insufficient as a matter of law and plaintiff would not be prejudiced *(Shepherd v New York City Tr. Auth.,* 129 AD2d 574).

We have considered plaintiff's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Wallach, Asch and Williams, JJ.