Butler, J.
Robert E. Mullin brought this claim pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1132(a)(1)(B), to recover benefits under the terms of an insurance plan (plan) issued by John Hancock Mutual Life Insurance Company (Hancock) to Wang Laboratories, Inc. (Wang). Mullin is seeking judgment that he is and has been totally or partially disabled under the terms of the plan since October 12, 1988. Hancock has moved that the appropriate standard to review Hancock’s denial of benefits under the plan is an abuse of discretion review. Mullin argues that a de novo standard of review is appropriate. Hancock also moves to strike the jury demand on the grounds that Muffin's action is equitable and thus he is not entitled to a jury trial.
FACTS
Mullin began working as a senior offset pressman for Wang in September 1987. On or about March 18, 1988, Muffin developed redness and swelling on the palms of his hands. He stopped working and consulted a physician. Mullin returned to work one week later but the redness and swelling returned. Mullin stopped working in March 1988. Mullin was insured under the group insurance plan issued by Hancock to Wang. He applied for long-term disability benefits under the Hancock plan in January 1989. Mullin received benefits under the plan from October 12, 1988 to April 12, 1990, On April 17, 1990, Hancock notified Mullin that it was denying him further long-term disability benefits because of his ability to do other work.
The plan provides, among other things, that:
The John Hancock will begin to pay benefits upon receipt of due proof at its Home Office that while insured under this coverage:
(a) you have become totally disabled due to an injury, disease or pregnancy; and
(b) you have been so disabled continuously, for your Qualifying Disability Period.
‘Totally Disabled” means:
(1) In order to determine when you start a continuous period of total disability, and for the first two years of such period, only such full incapacity, as determined by the John Hancock, and which is due to a physical or mental impairment which keeps you from doing every duty of your occupation; and
(2) after the first two-year period and for the rest of such continuous period of total disability, such full incapacity which is due to a physical or mental impairment, which keeps you from doing every duty of any occupation or employment for which you are qualified by education, training or experience.
The Hancock plan is an employee welfare benefit plan within the meaning of ERISA.
DISCUSSION
I. Standard of Review
The standard of review for the denial of benefits under an ERISA plan is not set out in the statute itself. 29 U.S.C. §1001 et seq. The U.S. Supreme Court has held that the denial of benefits under an ERISA plan is to be reviewed de novo, unless the benefit plan gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or construe terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the benefit plan gives discretionary authority to the administrator or fiduciary, the court will review whether the administrator or fiduciary abused his or her discretion in denying the claim. Id. Discretion is not inherent, but is vested in the administrator or fiduciary by the instrument under which he or she acts. Id. at 111-12. Where such discretionary authority is vested, if an administrator or fiduciary is operating under a potential conflict of interest, the conflict must be weighed as a factor in determining whether there is an abuse of discretion. Id. at 115. These principles are in keeping with the trust-law underpinnings of ERISA, id. at 110-11.
*266 For the purposes of the present case, we must look to the language of the plan to determine if discretionary authority was given to Hancock, as the administrator of the insurance plan. The benefit plan must clearly grant discretionary authority to the administrator to determine the eligibility for benefits. Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580 (1st Cir. 1993); Allen v. Adage, 967 F.2d 695, 697 (1st Cir. 1992). In Rodriguez-Abreu, the plan administration booklet granted fiduciaries discretionary authority, but did not grant such authority to plan administrators nor did it provide for the delegation of authority to administrators. Id. As a result, the court applied a de novo standard of review in evaluating the plan administrator’s decision. Id. The First Circuit has applied the deferential, abuse of discretion,[1] standard of review where the ERISA plan states that the administrator shall determine “which employees are eligible to participate in the plan” and the administrator shall ' provide all parties dealing with the plan an interpretation of plan provisions on request.” Curtis v. Noel, 877 F.2d 159, 161 (1st Cir. 1989).
This language is similar to the language used in provisions of ERISA benefit plans and considered by the Eleventh Circuit in its decisions to apply the abuse of discretion standard of review. Brown v. Blue Cross and Blue Shield of Alabama, 898 F.2d 1556, 1559 (11th Cir. 1990), cert. denied 111 S.C 712; Jett v. Blue Cross and Blue Shield of Alabama, 890 F.2d 1137, 1139 (11th Cir. 1989). In both the Brown and the Jett cases, the benefit plan provision read, “as a condition precedent to coverage it is agreed that whenever Blue Cross makes reasonable determinations which are not arbitrary and capricious . . . such determinations shall be final and conclusive.” Id.
The Federal District Court of Massachusetts considered the language of the ERISA plan provision in the Jett case to determine if broad discretionary authority was granted to a plan administrator by the terms of a benefit plan. Ring v. Confederation Life Insurance Co., 751 F.Supp. 296, 298 (D.Mass 1990). The Ring benefit plan stated that benefits would be terminated when the insurance company “deems that the employee has failed to furnish proof of the continuance of such total disability,” when “the employee is not under continuing medical supervision and treatment considered satisfactory by” the insurance company, or when the “employee is not working at rehabilitative employment. . . which is considered appropriate and has been approved . . . by” the insurance company. Id. The court in Ring found that these provisions did not create the broad discretionary authority over the determination of total disability as found in Jett. Id.
Trie relevant language in the Hancock plan is: “In order to determine when you start a continuous period of total disability, and for the first two years of such period, only such full incapacity, as determined by the John Hancock . . . which keeps you from doing even' duty of your occupation ...” The language in the Hancock plan is similar to the language of the provision in the Curtis case above in that eligibility for benefits is determined by the plan administrator.
The provision in the Hancock plan is also like those in the Brown and Jett plans in that it grants authority to the insurance company to determine eligibility for benefits due to a total disability. In the Ring case, although the administrator may terminate benefits when the employee has failed to furnish proof of a continuing disability, the administrator does not determine what constitutes such a disability. Id. In the present case, a total disability is such full incapacity as determined by Hancock itself. Hancock, like Blue Cross in the Brown and Jett cases, has discretionary authority over the determination of a total disability for the purposes of administrating the ERISA benefit plan. This authority, however, is limited to the first two years of the continuous period of disability. There is no language in the Hancock plan which grants discretionary authority to the plan administrator after the first two-year period and for the rest of such continuous period of total disability. It follows that a de novo standard of review should be applied to decisions made by the plan administrator after the first two years of a continuous period of total disability.
This court rules that discretionary authority was granted to Hancock by the terms of the benefit plan for the first two years of a continuous period of total disability and therefore will apply an abuse of discretion standard in reviewing Hancock’s discontinuation of Mullin’s disability benefits. Furthermore, in determining whether there is an abuse of discretion, any potential conflict of interest must be weighed as a factor in such determination. Firestone Tire & Rubber Co. v. Bruch, supra at 115; Brown v. Blue Cross and Blue Shield of Alabama, supra at 1560-61. Such a conflict has been found where the plan administrator making the discretionary decision is also the insurance company responsible for paying the claims. Brown v. Blue Cross and Blue Shield of Alabama, supra at 1562, citing Jader v. Principal Mutual Life Ins. Co., 723 F.Supp. 1338, 1343 (D.Minn. 1989); Anderson v. Blue Cross and Blue Shield of Alabama, 907 F.2d 1072, 1076 (11th Cir. 1990). The burden is on the plan beneficiary to demonstrate a substantial conflict of interest on the part of the administrator responsible for benefits determinations. Brown v. Blue Cross and Blue Shield of Alabama, supra at 1566. “A finding of a conflicting interest has a tremendous impact on the evaluation of the (plan administrator’s) actions.” Brown v. Blue Cross and Blue Shield of Alabama, supra at 1565. Although the court will still apply the abuse of discretion standard of review in cases where the insurance company is both the ERISA plan administrator and has issued the policy, the degree of deference actually exercised in application of the standard will be significantly diminished. Brown v. Blue Cross and Blue Shield of Alabama, supra at 1568.
*267 If a conflict of interest is established by the plan beneficiary, the burden shifts to the administrator “to prove that its interpretation of plan provisions committed to its discretion was not tainted by self-interest." Brown v. Blue Cross and Blue Shield of Alabama, supra at 1566. If an administrator’s decision advances the conflicting interest of the insurance company at the expense of the affected beneficiary, the decision will be considered arbitrary and capricious. The administrator may then justify the decision on the ground of its benefit to the class of all beneficiaries. Id. at 1567.
Although the Massachusetts Supreme Judicial Court has not ruled on the appropriate standard of review in ERISA benefit denial claims, in a recent decision the court did comment on the Firestone holding, stating:
It seems strange to characterize an ERISA plan administrator as a fiduciary, and to apply an abuse of discretion . . . standard in reviewing that administrator’s conduct when the fiduciary is the insurer whose own funds would be used to satisfy a claim. That conflict of interest suggests to this common law court that such a fiduciary's decision making should not be isolated from the thorough scrutiny that an evidentiary trial de novo would provide.
Gurnack v. John Hancock Mutual Life Ins. Co., 406 Mass. 748, 754 (1990). Nevertheless, the Court goes on to say that the U.S. Supreme Court is the final arbiter of these questions of judicial review. Id. at 755. At least in dicta, the Massachusetts SJC has pondered the question of the conflicting interests of an insurance company ERISA plan administrator and its beneficiaries, and concluded that the standard for reviewing the administrator’s decision should be less deferential than the abuse of discretion standard, even when discretionary authority is granted. See id.[2]
The standard of review articulated in the Brown case satisfies both the Firestone holding allowing for an abuse of discretion standard under certain circumstances, as well as the concerns presented by any potential conflict of interest on the part of the plan administrator. See Firestone Tire & Rubber Co. v. Bruch, supra at 115. Brown v. Blue Cross and Blue Shield of Alabama, supra at 1560-61.
For the purposes of the present case, this court accepts the standard of review set forth in the Brown case. Therefore, decisions made by Hancock, within the first two years of Mullin’s continuous period of total disability, will be reviewed using the abuse of discretion standard. If Mullin demonstrates a substantial conflict of interest on the part of Hancock, then Hancock must prove that its interpretation of plan provisions was not tainted by self-interest. Brown v. Blue Cross and Blue Shield of Alabama, supra at 1566.
II. Jury Trial Demand
ERISA makes no provisions for a jury claim in the statute itself. The statute provides that:
(a) Persons empowered to bring a civil action. A civil action may be brought—
(1) by a participant or beneficiary— . . .
(3) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
29 U.S.C. §1132(a)(1)(B) (1982). The legislative history of ERISA does not provide guidance as to the availability of a jury trial either. The Seventh Circuit determined that, “Congress’ silence on the jury issue reflects an intention that suits for pension benefits ... are equitable," and held that ERISA did not grant plaintiff a right to a jury trial. Wardle v. Central States, 627 F.2d 820, 829-30 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981).
The First Circuit has not ruled on the availability of a jury trial in a claim for ERISA benefits: however, the majority position taken by other federal courts, including the Federal District Court of Massachusetts, is that ERISA claims carry no right to a jury trial. Fuller v. Connecticut General Life Ins. Co., 733 F.Supp. 462, 463 (D.Mass. 1990). In evaluating a plaintiffs right to a jury trial, the court must determine “whether the rights and remedies created are the type traditionally enforced in an action at law or equity.” Turner v. Leesona Corp., 673 F.Supp. 67, 69 (D.R.I. 1987), citing Curtis v. Loether, 415 U.S. 189, 195 (1974).
Suits under ERISA which involve a determination that plan administrators abused their discretion in denying benefits “do not lend themselves comfortably to the traditional jury trial” and “are equitable in nature.” Fuller v. Connecticut General Life Ins. Co., supra at 463, citations omitted.
Suits under ERISA in which a plaintiff can show “entitlement to ‘benefits due immediately and unconditionally,’ are legal in nature” and thus plaintiff would be entitled to a jury trial as to those benefits. Id. at 463; Berlo v. McCoy, 710 F.Supp. 873, 874 (D.N.H. 1989).[3] “A legal claim of unconditional payment is not available when eligibility is contested, since that would involve interpretation of the trust’s terms, a distinct province of equity.” Turner v. Leesona Corp., supra at 70.
The court in Fuller examined the complaint and determined that the plaintiffs claims were equitable in nature. Id. at 464. The plaintiff in Fuller challenged the ERISA plan administrator’s denial of coverage and sought to recover benefits due and to clarify her right to future benefits. Id. The court held that the determination of a plaintiffs entitlement to a particular benefit under the terms of an ERISA plan involved a determination as to whether or not the plan administrators abused their discretion in denying plaintiff coverage. *268 Id. at 465. Such a determination arises out of equity and thus plaintiff was not entitled to a jury trial. Id.
In his complaint, Mullin challenges Hancock’s discontinuation of disability payments under the ERISA plan and seeks a judgment that he is and has been disabled under the terms of the plan and is entitled to benefits from October 12, 1990 to the date of judgment and continuing so long as he is disabled. Mullin’s complaint is similar to the plaintiffs complaint in Fuller. This court must determine whether Hancock abused its discretion in its refusal to continue paying Mullin’s disability benefits. See id.; Charlton Memorial Hospital v. The Foxboro Company, 818 F.Supp. 456, 460 (D.Mass. 1993). Mullin cannot make a legal claim of unconditional payment as his eligibility is contested. See Turner v. Leesona Corp., supra at 70. Thus, the determination of whether Mullin is entitled to benefits under the plan is one properly made in equity by the court. Charlton Memorial Hospital v. The Foxboro Company, supra at 460.
Mullin argues that his claim involves factual questions arising out of the terms of a contract and would best be answered by a jury. A similar argument was made by the plaintiff in Fuller, where the District Court found that the nature of the overall dispute controlled and “not particular subsidiary questions.” Fuller v. Connecticut General Life Ins. Co., supra at 464. In the present case, the nature of the overall dispute concerns whether or not Hancock abused its discretion in refusing to continue Mullin’s disability benefits. The determination of an abuse of discretion arises out of equity and therefore Mullin is not entitled to a jury trial. See id.
ORDER
Based on the foregoing, the Defendant’s Motion Relative to the Appropriate Standard of Review is ALLOWED and defendant's Motion to Strike Jury Demand is ALLOWED.

 For the purposes of this case, the “abuse of discretion" standard and the “arbitrary and capricious" standard are used interchangeably.

 In the Gumack case each party accepted the abuse of discretion standard as applicable. Gurnack v. John Hancock Mutual Life Ins. Co., supra at 755.

 Mullin argues that this court should follow the minority position of Abbarno v. Carborundum Co., 682 F.Supp. 179 (W.D.N.Y. 1988), and Reeves v. Continental Equities Corp. of America, 767 F.Supp. 469, 474 (S.D.N.Y. 1991), and find that claims for nonpayment of benefits is essentially legal in nature and appropriate for a trial by jury. This minority position has not been accepted by any Massachusetts court and in fact was rejected by the Massachusetts Federal District Court in Fuller. This court rejects the minority position as well.