Susan DECKER, Plaintiff,

v.

VERMONT EDUCATIONAL TELE-
VISION, INC. and Lee Ann
Lee, Defendants.

No. 2:97–CV–410.

United States District Court,
D. Vermont.

May 12, 1998.

Philip Howell White, Law Offices of Wilson & White, P.C., Montpelier, VT, for Susan Decker, plaintiff.

Heather Briggs, Downs, Rachlin & Martin, P.C., Burlington, VT, Arthur P. Menard, Paul J. Murphy, Menard, Murphy & Walsh LLP, Boston, MA, for Vermont Educational Television, Inc., Lee Ann Lee, defendants.

Susan Lea Aranoff, Vermont Protection & Advocacy, Montpelier, VT, for Vermont Protection & Advocacy, Inc., respondent.

## OPINION AND ORDER

SESSIONS, District Judge.

This is a suit by a former employee against her employer, asserting claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"), the Vermont Fair Employment Practices Act, Vt.Stat.Ann. tit. 21, § 495 ("VFEPA"), and several additional state law claims. Defendants Vermont Educational Television, Inc. ("VT ETV") and Lee Ann Lee ("Lee") have moved to dismiss Plaintiff's amended complaint on the grounds that the state law claims are preempted by ERISA and the defamation count fails to state a cause of action. For the reasons stated below, Defendants' motion is granted in part and denied in part.

### Background

The amended complaint alleges the following facts. Susan Decker was employed by VT ETV from June 1995 until August 15, 1997. As a full-time staff member, she was entitled to certain benefits, including participation in short and long term disability plans. Decker suffers from bi-polar disorder which requires psychiatric treatment and medication.

In January 1997, Decker fell on some ice and injured her knee. She required reconstructive surgery, and expected to be absent from work for two weeks. Following the surgery she was told that she would have to remain absent from work for one to two months.

Lee, Decker's supervisor, refused to accommodate Decker's frequent lateness and absences due to her psychiatric condition and her physical condition. She reacted to Decker's need for a flexible work schedule by being less flexible, by increasing her work-related expectations, and by publicly shaming her. In part as a result of Lee's conduct, Decker's mental condition deteriorated and her recovery from the surgery was impaired. This resulted in more absences from work.

In August 1997, Lee requested authorization to terminate Decker's employment. Decker learned of Lee's action, and submitted her resignation on August 6, effective September 30, 1997. On August 13, Decker's father called Lee, described her condition and requested that VT ETV accommodate her disability. The next day Decker received a letter from VT ETV terminating her employment as of August 15 and stating that regardless of her disability VT ETV was not required to countenance poor or unreliable performance. Subsequently VT ETV refused Decker's request for short term disability benefits.

Decker filed suit in state court, alleging unlawful discrimination (count I), breach of her contract of employment (count II), promissory estoppel (count III), estoppel from denial of disability benefits (count IV), defamation (count V), intentional infliction of emotional distress (count VI), respondeat superior (count VII), and malicious conduct (count VIII). Following removal to federal court on federal question grounds, Defendants moved to dismiss, asserting that Decker's claims were preempted by ERISA and that her defamation count failed to state a claim upon which relief could be granted.

In response Decker amended her complaint, deleting the disability benefits count and all reference to wrongful avoidance of paying disability benefits in the remaining counts. She added a claim under ERISA asserting wrongful interference with attainment of disability benefits.

### Discussion

#### I. ERISA Preemption

ERISA makes it "unlawful ... to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he [sic] is entitled under the provisions of an .

employee welfare benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. ERISA's provisions "supersede any and all State laws ... as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144.

 A law relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). State law includes "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). "The effect of ERISA preemption is wholly to eliminate state law claims by benefit plan participants and beneficiaries, leaving them only the causes of action specifically provided in the statute's civil enforcement provisions." *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 11 (2d Cir. 1992). Thus, a wrongful termination claim based on an employer's desire to avoid paying benefits under a benefits plan is preempted, and ERISA's Section 510 provides the exclusive cause of action. 29 U .S.C. §§ 1140, 1132(a)(3), (e); *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 140, 144, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

 The scope of ERISA preemption is broad, but not unlimited, however. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *Plumbing Industry Board, Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.*, 126 F.3d 61, 66 (2d Cir.1997). Cases alleging wrongful termination in which loss of benefits is not a motivating factor are not preempted, even though the complaint may allege loss of benefits as a consequence of termination or an element of damages. *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1312 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1794, 140 L.Ed.2d 935 (1998); *Rozzell v. Security Services, Inc.*, 38 F.3d 819, 822 (5th Cir.1994); *Jaskilka v. Carpenter Technology Corp.*, 757 F.Supp. 175, 178 (D.Conn.1991). The state law counts as they are now pled do not allege or rely on denial

of or avoidance of paying disability benefits, and would not be preempted.

The Defendants argue that this Court should take judicial notice that Decker originally alleged that one of the reasons for her termination was to avoid paying her disability benefits, and that this factor was asserted in her breach of contract and promissory estoppel counts and incorporated by reference in her remaining claims.

 Once an amended pleading is interposed, the original pleading no longer performs any function in the case. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed.1990). "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977)).

 Although a superseded pleading ceases to be a judicial admission, "it still remains as a statement once seriously made by an authorized agent, and as such it is ·competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter*, 32 F.2d 195, 198 (2d Cir. 1929). *See also Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir.1996); *Contractor Utility Sales Co. v. Certain-teed Products Corp.*, 638 F.2d 1061, 1084 (7th Cir.1981); *Raulie v. United States*, 400 F.2d 487, 526 (10th Cir.1968). In other words, a party is not bound by allegations she has withdrawn, although her party-opponent may seek to use her allegations at trial as admissions or impeachment material. Moreover, Decker's allegation in her original complaint that VT ETV was motivated by a desire to interfere with her receipt of disability benefits is hardly a *factual* allegation, but an assertion of opinion or belief.

Because the state law claims in Decker's amended complaint do not relate to an employee benefit plan, they are not preempted by ERISA.

## II. *Judicial Estoppel*

 Defendants argue further that Decker is judicially estopped from bringing her VFEPA claim because they claim she has made factually inconsistent statements in her amended complaint. Specifically, they point to the fact that (1) Decker asserted that since approximately August 15, 1997 her disability has prevented her from being able to work; and (2) for most of the period from June 1995 until August 15, 1997 she was a "qualified handicapped individual" under VFEPA. Am. Compl. ¶¶ 48, 60. Because a "qualified handicapped individual" is defined as a person "with a handicap who is capable of performing the essential functions of the job," Vt. Stat.Ann. tit. 21 § 495d(6), Defendants assert that she is simultaneously claiming that she cannot work and that she can work.

 The relevant time for assessing whether an employee is capable of performing the essential functions of her job is when the accommodation is requested. *State v. G.S. Blodgett Co.*, 163 Vt. 175, ——, 656 A.2d 984, 989 (1995). The amended complaint asserts that accommodation was requested on or about August 13, 1997. Am. Compl. ¶ 43. There is no factual inconsistency: the amended complaint asserts that Decker was a "qualified handicapped individual" on that date. Am. Compl. ¶ 60. No assertion to the contrary appears in the amended complaint.

 Moreover, judicial estoppel does not even remotely apply here. The doctrine of judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by her in a prior legal proceeding. *Bates v. Long Island R.R.*, 997 F.2d 1028, 1037 (2d Cir.1993). Judicial estoppel does not apply unless the party "advanced a clearly inconsistent position in a prior proceeding and that inconsistent position was adopted by the court in some manner." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 98 (2d Cir.1997). Rationales behind the doctrine include protecting judicial integrity by precluding the risk of inconsistent *results* in separate legal proceedings, and preserving the sanctity of the oath. *Bates,* 997 F.2d at 1037; *Simon v. Safelite Glass Corp.,* 128 F.3d 68, 71 (2d Cir.1997) (emphasis supplied).

Because Decker has not advanced a clearly inconsistent position in a prior proceeding nor has a court adopted the position, she is not judicially estopped from asserting her claim.

## III. *VFEPA Preemption*

 Defendants next argue that VFEPA preempts Decker's common law wrongful termination claims. Anti-discrimination rights are creations of constitution and statute, and were unknown at common law. Under Vermont law, where a statute creates a right or remedy unknown at common law, the statutory remedy preempts a common law cause of action. *Winney v. Ransom & Hastings, Inc.,* 149 Vt. 213, 214, 542 A.2d 269, 270 (1988). *See also Violette v. International Business, Machines Corp.,* 962 F.Supp. 446, 449–50 (D.Vt.1996), *aff'd,* 116 F.3d 466 (2d Cir.1997) (unpublished table decision); *accord, Tallman v. Tabor,* 859 F.Supp. 1078, 1089 (E.D.Mich.1994). To the extent that Decker's common law claims are based upon assertions of disability discrimination, they are, accordingly, preempted. Because Decker's common law wrongful termination claims do not entirely rest on allegations of disability discrimination, however, but also assert distinct claims such as breach of contract of employment, the Court grants Plaintiff thirty days from the date of this order to amend her pleadings to delete disability discrimination allegations from her common law claims.

## IV. *Defamation*

 Finally, Defendants urge the Court to dismiss Plaintiff's defamation count for failure to adequately state a claim. Following the liberal pleading standard of Federal Rule of Civil Procedure 8(a), in a defamation case a plaintiff need only set forth information to provide "sufficient notice of the communications complained of to enable [Defendants] to defend" themselves. *Odom v. Columbia Univ.,* 906 F.Supp. 188, 196–97 (S.D.N.Y.1995). This standard is satisfied by an adequate identification of the communication, and an indication of who made the communication, when it was made, and to whom it was communicated. *Reeves v. Con-*

*tinental Equities Corp.*, 767 F.Supp. 469, 473 (S.D.N.Y.1991). The amended complaint alleges: "During the period June, 1995 through the present, Lee has negligently, recklessly and intentionally made repeated oral and written statements to others that were untrue and/or which painted Decker in a false light and which were defamatory and prejudicial to Decker's reputation." Am. Compl. ¶ 75.

 The elements of defamation are

(1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages; and (6) some actual harm so as to warrant compensatory damages.

*Crump v. P & C Food Markets, Inc.*, 154 Vt. 284, 291, 576 A.2d 441, 446 (1990). Paragraph 75 gives virtually no basis in facts for the claim of defamation, and contains little more than conclusory accusations. It fails to identify even generally the communications, or to whom they were communicated. *See Reeves*, 767 F.Supp. at 473. The information provided is insufficient to enable Defendants to adequately prepare a defense to the claim. Defendants' motion is granted; Plaintiff is afforded thirty days from the date of this order to amend her pleadings to provide a more definite statement of her claim of defamation.

### ORDER

Defendants' Motion to Dismiss (paper 7) is GRANTED in part and DENIED in part. Plaintiff shall have thirty days from the date of this order to amend her pleadings.